UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JON CHRISTOPHER BALLAY                       CIVIL ACTION

VERSUS                                       NO: 14-515

MARLIN N. GUSMAN, et al.                     SECTION: R(2)

**ORDER AND REASONS**

Before the Court is plaintiff Jon Christopher Ballay's prisoner complaint,[1] and the Magistrate Judge's Report and Recommendation ("R&R") that Ballay's petition be dismissed with prejudice.[2] The Court, having reviewed *de novo* the complaint, the record, the applicable law and the Magistrate Judge's unopposed R&R, hereby approves the R&R and adopts it as its opinion. Therefore, the Court orders that plaintiff's complaint be dismissed with prejudice.

Also before the Court is plaintiff's Motion to Compel Production of Letter of Incarceration,[3] which was filed after the Magistrate Judge issued the R&R. Plaintiff moves the Court to compel defendants to produce a certified letter of incarceration related to plaintiff's sentence.

Construed broadly, plaintiff's motion appears to be a motion to compel discovery under Federal Rule of Civil Procedure 37. The

---

[1] R. Doc. 1.

[2] R. Doc. 24.

[3] R. Doc. 25.

motion is both procedurally improper and irrelevant to the issues in plaintiff's underlying § 1983 complaint. First, plaintiff failed to previously serve defendants with a written discovery request the production of the certified letter of incarceration in accordance with Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 34(a). Thus, defendants had no opportunity to respond or object to plaintiff's discovery request before plaintiff filed his motion to compel. *See* Fed. R. Civ. P. 34(b)(2).

Moreover, the Federal Rules of Civil Procedure limit the scope of discovery to "any nonprivileged matter relevant to any party's claim or defense." Generally, information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *In re Leblanc*, 559 Fed. Appx. 389, 392 (5th Cir. 2014). The substance of plaintiff's motion to compel is completely unrelated to the allegations that form the basis of his § 1983 complaint. Plaintiff's § 1983 complaint alleges that defendants subjected plaintiff and other Orleans Parish Prison ("OPP") inmates to unconstitutional conditions of confinement, including broken drainage pipes that allegedly caused sewage backup in the inmates' "tents."[4] Plaintiff's motion to compel does not even mention plaintiff's living conditions while incarcerated at OPP.[5]

---

[4] R. Doc. 1.

[5] R. Doc. 25.

Instead, plaintiff requests a certified letter of incarceration to assist him in ensuring that his incarceration sentence reflects time already served while awaiting adjudication of plaintiff's criminal case in Louisiana's 24th Judicial Court, Parish of Jefferson.[6] Because plaintiff's motion to compel is both procedurally improper and irrelevant to claims and defenses at issue in this case, the motion is denied.

In conclusion, Jon Christopher Ballay's complaint is DISMISSED WITH PREJUDICE and his Motion to Compel is DENIED.

**New Orleans, Louisiana, this __24th__ day of September, 2014.**

*Sarah Vance*
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

---

[6] *Id.*